## In re estate of F. Augustus Heinze, deceased.

[Submitted July 2d, 1921.  Decided July 22d, 1921.]

1. In the administration of an estate by an ancillary administrator, involving the passing of a report and account, and the determination of the *bona fides* of certain claims, and the ending of long litigation, such matters afford special reasons to the court of chancery for assuming jurisdiction which would ordinarily be exercised by the orphans court.

2. A decision by the court of errors and appeals on a bill by an ancillary administrator to impress a trust upon assets pledged to a New Jersey corporation is conclusive on claimants whose claims were there considered.

3. This court may, on petition by an ancillary administrator for the passing of his account, sustain exceptions to all claims but one that was in litigation, and as to which an appeal was pending, and reserve decision as to this one, in order to expedite settlement by permitting a prompt appeal from such decision.

4. Where, after such petition was filed, a creditor filed a claim and was allowed to file exceptions, but on the hearing it appeared that such creditor was a corporation of another state, and the claim was not reported by the administrator, and no prayer is in his petition for discharge in reference thereto, the court, on the consideration of such exceptions, need not pass upon such claim.

On petition, &c.

*Messrs. Wall, Haight, Carey & Hartpence* and *Mr. Albert Chandler Wall,* for Mr. Wall, substitutionary ancillary administrator in New Jersey.

*Messrs. Collins & Corbin* and *Mr. Robert J. Bain* (*Mr. Royall,* of the New York bar), for Mr. Fullerton, domiciliary administrator.

*Messrs. Treacy & Milton* and *Mr. John J. Treacy* (*Mr. Thatcher,* of the New York bar), for the American Smelting and Refining Company.

*Mr. John Nolan,* for the Assets Development Company.

*Mr. Arthur P. Heinze* (of the New York bar), first vice-president of the United Copper Company and president of the Western Development Company, for said corporations.

GRIFFIN, V. C.

Mr. Wall, as substitutionary administrator (ancillary) of the estate of F. Augustus Heinze, deceased, filed his petition, report and account, asking that the account be passed and he be discharged. His petition is not filed under section 146, Orphans Court act (*3 Comp. Stat. p. 3868*), which applies to a discharge prior to the termination of the trust.

In the petition it is set forth under the caption—

"10: The names and addresses of all persons interested in said accounting are as follows:

CLAIMANTS.

| | |
|---|---|
| Union Bank of Brooklyn, c/o Joseph G. Dean, New York City (filed March 15, 1920) | $76,832.91 with int. |
| United Copper Co., 51 Newark Street, Hoboken, N. J. (filed Dec. 22. 1916, with Arthur P. Heinze. Administrator) | 250,000.00 |
| United Copper Co., 51 Newark St., Hoboken, N. J. (filed Dec. 22, 1916, with Arthur P. Heinze, Administrator) | 200,000.00 |
| Calvin P. Geer, East Orange, N. J. (salary; filed June 21, 1918) | 250.00 |
| Assets Development Co., Englewood, N. J. (filed July 22, 1918) | 2,500.00 with int. |
| Assets Development Co., Englewood, N. J. (filed July 22, 1918) | 8,000.00 |
| Luther Martin, Jr., receiver United Copper Co., c/o Geo. D. Hendrickson, 75 Montgomery St., Jersey City (filed Aug. 20, 1918) | 600,000.00 |
| George D. Hendrickson and Luther Martin, Jr., Receivers, United Copper Co., 75 Montgomery St., Jersey City (filed Aug. 20, 1918) | 483,923.05 |

$1,621,505.96"

To this account and report exceptions were filed by Mr. Fullerton as domiciliary administrator, Assets Development Company, United Copper Company and, since the petition was filed,

by the Western Development Company, who filed its claim with Mr. Wall since his petition was filed.

On the day set for the hearing the Assets Development Company filed supplementary exceptions, dealing with the situation which arose after its original exceptions had been filed, viz., the setting aside of the judgment which will be hereafter referred to.

The exceptions of all the parties, except Mr. Fullerton's, are substantially addressed to the question of jurisdiction, the point being that "no special reason appears for interfering with the ordinary jurisdiction of the orphans court."

I quite disagree with the views of these exceptants. The history of the litigation in this estate, and the things to be accomplished to make an end of it, present an appropriate case to be heard and determined in this court. *Filley* v. *Van Dyke, 74 N. J. Eq. 219; reversed, 75 Idem. 571; Wyckoff* v. *O'Niel, 71 N. J. Eq. 681.*

The exceptions of Mr. Fullerton, among other things, go to the point that none of the claimants above named are *bona fide* creditors in the State of New Jersey, and, therefore, their several claims should be rejected, and the account passed, to the end that the exceptant might take and receive the assets and administer them in the State of New York.

In the absence of the judgment of the Assets Development Company on the claim of Geer for two thousand five hundred dollars ($2,500), with interest, assigned by Geer to it, it seems perfectly plain that the presenting of these claims should not defeat the passing of the account, and on proper application to direct the substitutionary administrator to pay or turn over to the domiciliary administrator assets in his hands or claims to assets in this state, in view of the opinion of this court in *Wall, Substitutionary Administrator,* v. *American Smelting and Refining Co.,* reported in *90 N. J. Eq. 469,* and the reasons given for affirmance by the court of errors and appeals in the opinion by Mr. Justice Kalisch, reported in *91 Idem. 131.* The only assets which can be said to be in this state are the royalties payable under the Silver King agreement referred to in said opinions. The other property, consisting of stocks and bonds which, with

said agreement, were pledged with the American Smelting and Refining Company to secure a debt of the deceased, did not have their *siti* in this state. The bill in the suit in which the above opinions were filed, and decrees in accordance with said opinions were entered, sought to establish the right of the accountant to the royalties after the pledgee was paid, as well as the title to the other properties above referred to. All of the claims above referred to, excepting that of the Union Bank of Brooklyn, were dealt with in the case, and Mr. Justice Kalisch in conclusion said:

"It cannot successfully escape notice that at the time of decedent's death and of the appointment of an administrator in this state, there were no *bona fide* New Jersey creditors, and that the artificial process which has been resorted to for the creation of New Jersey creditors fails of its purpose.

"For the reason that there were no *bona fide* New Jersey creditors the decree below will be affirmed."

In the face of this judicial determination, I must hold that the claimants under the claims above passed upon were not *bona fide* New Jersey creditors; and as to the claim of the Union Bank, its claim, which was filed March 15th, 1920, after the decision of the court of errors and appeals, and, therefore, was not considered, should not be allowed, because the bank is not a New Jersey creditor.

This decision went to the very root of the case, and, in effect, held that the appointment of an administrator in this state was wholly unnecessary and improvident. This, if rendered in the suit originating in the orphans court, could only have resulted in vacating the appointment and thus ending all litigation in this state.

A circumstance, however, has arisen since the above case was decided, which leads me to pause in carrying into effect this conclusion as to the claim of the Assets Development Company (on the claim assigned by Geer) for two thousand five hundred dollars ($2,500), with interest.

On January 31st, 1920, the Assets Development Company (after the decision of our court of last resort had been an-

nounced) began suit in the Hudson circuit court against Mr. Wall as substitutionary administrator upon the note of ten thousand dollars ($10,000) upon which it is claimed there was due two thousand five hundred dollars ($2,500), with interest, being the claim (assigned by Geer) in that amount above referred to. The defendant pleaded, omitting, however, to plead the decree of the orphans court barring creditors, and on a trial of the cause a verdict was rendered on May 4th, 1920, in favor of the plaintiff and against the defendant for six thousand sixty dollars and eighty-three cents ($6,060.83) and costs, and judgment was accordingly entered.

Thereafter such proceedings were had in said cause, that on May 13th, 1921, said court set aside the judgment, gave leave to the defendant to amend by setting up the decree barring creditors, limiting the retrial to the issue framed on the amendment.

Upon the issue thus framed, without going into details as to formal procedure, the court entered judgment on June 6th, 1921, in favor of the defendant and against the plaintiff. Thereupon the plaintiff, on June 6th, 1921, appealed to the court of errors and appeals, which appeal is now pending.

Shortly after the rule to show cause was entered why the judgment should not be set aside, the plaintiff took out execution on February 3d, 1921, and served a copy of the same on the American Smelting and Refining Company.

The American Smelting and Refining Company opposes the application of Mr. Wall at this time because if the court of last resort should reverse the circuit court, there would be a judgment which it might be compelled to pay and for which it might not receive credit at the suit of the domiciliary administrator—thus, as an innocent stakeholder, it might be compelled to pay twice.

Without passing on this question, this fear of the American Smelting and Refining Company is not fanciful, as, by reason of its dual residence, it is liable to be sued in both states.

In this situation, ordinarily, no decision would be herein rendered prior to the decision of the appeal in the case at law. If, however, this course were pursued, further and unnecessary de-

lay in disposing of this controversy would follow. The law appeal may now be argued at the November term, 1921, and decided on or before the March term, 1922. Immediately thereafter an appeal might be taken from the decision of this court in this cause, which, ordinarily, would be arguable at the June term, 1922, and be decided on or before the November term, 1922. But in this case the court should strenuously endeavor to end this long-drawn out litigation, which has been denounced by the court of last resort. To that end, I propose to decide the case as far as it may now be disposed of, so that an appeal may be taken from the decree of this court at once, and both cases argued at the November term, 1921. I will, therefore, advise a decree sustaining the exceptions of the domiciliary administrator to all the claims above set forth, excepting that of the Assets Development Company, for $2,500, with interest, which was the subject of the suit at law; and, as to this claim, I will withhold advising a decree until its status is settled by the court of errors and appeals.

The Western Development Company, from statements made at the hearing, filed a claim with Mr. Wall after his application for discharge was filed, and it was allowed to file exceptions. Near the close of the testimony it appeared that it is a corporation of Arizona. As its claim is not reported by the administrator, and there is no prayer in his petition for discharge with reference thereto, I have not considered nor passed upon the claim in this proceeding.

I have not deemed it necessary to encumber this memorandum with the many recitals of facts which plainly appear in the above-cited opinions and in the record of the case in which the opinions were filed, as such records are in evidence, and reference may be made thereto.